**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

| | | |
|---|---|---|
| SCHNADER HARRISON SEGAL & LEWIS LLP, | * | |
| Plaintiff / Counter-Defendant, | * | |
| v. | * | Case No. 1:12-CV-00928-AJT-IDD |
| LOREN W. HERSHEY, | * | |
| | * | |
| Defendant/Counter-Plaintiff. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ACADIA INVESTMENTS, L.C.'S MOTION TO INTERVENE AND TO QUASH
SUBPOENAS ISSUED IN CONJUNCTION WITH LOREN W. HERSHEY'S
APPLICATION FOR ISSUANCE OF SUBPOENAS AND SUBPOENAS DUCES TECUM**

Acadia Investments, L.C., ("Acadia"), by and through its undersigned counsel, pursuant to Rules 24 and 45 of the Federal Rules of Civil Procedure (the "Rules"), hereby files this Motion to Intervene and to Quash Subpoenas Issued in Conjunction with Loren W. Hershey's Application (the "Application") for Issuance of Subpoenas and Subpoenas Duces Tecum (the "Motion") seeking that this Court allow Acadia to intervene so that it may seek to quash the Subpoenas (as defined below) and seek a protective order ordering that Loren W. Hershey ("Mr. Hershey") may not require Marc E. Albert ("Mr. Albert"), Janet M. Nesse ("Ms. Nesse"), Charles C. Reardon ("Mr. Reardon") and Liran A. Gordon ("Mr. Gordon," and together with Mr. Reardon, Mr. Albert and Ms. Nesse, the "Subpoenaed Parties") to appear and testify at a trial

commencing on March 25, 2013 (the "Trial").[1] In support of the Motion, Acadia states as follows.

## Introduction

Mr. Hershey has a penchant for using the litigation process for abusive and vexatious purposes. The United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") has levied Rule 11 sanctions against Mr. Hershey on two separate occasions for filing unwarranted and frivolous papers, and has previously granted motions by Acadia to quash subpoenas issued by Mr. Hershey to Mr. Albert, Ms. Nesse and others. Further, the United States Court of Appeals for the Seventh Circuit (the "Seventh Circuit") recently issued a show-cause order requiring Mr. Hershey to file a response to its inquiry regarding why it should not impose sanctions for filing a frivolous appeal relating to a case involving Acadia in the United States District Court for the Northern District of Illinois.

Although now litigating a different venue, Mr. Hershey continues to use the litigation process for improper purposes. As explained below, this Court should quash the subpoenas and subpoenas *duces tecum* issued by Mr. Hershey to the Subpoenaed Parties (the "Subpoenas"). Mr. Albert and Ms. Nesse are Acadia's former counsel. Aside from the fact that Mr. Albert will be out of the country on March 25, 2013, nearly all of the potential testimony of Mr. Albert and Ms. Nesse would be subject to the attorney-client privilege. Mr. Hershey has failed to explain how he will obtain any testimony that is not privileged. Mr. Reardon and Mr. Gordon, the Senior Managing Director and former Managing Director, respectively, of Asgaard Capital, LLC ("Asgaard"), conducted a confidential financial analysis of Acadia's business in connection with

---

[1] Additionally, Mr. Hershey obtained subpoenas for Bruce Henry, one of Acadia's co-managers, and Bradford F. Englander, Acadia's bankruptcy counsel. The instant Motion does not seek relief as to the subpoenas obtained with respect to either Mr. Henry or Mr. Englander.

its role as Acadia's financial advisor and investment banker. Mr. Hershey has failed to explain how he will obtain any testimony of either Mr. Reardon or Mr. Gordon that is not confidential. Accordingly, this Court should grant the Motion and allow Acadia to intervene for the purpose of protecting its attorney-client and financial confidences, and by quashing the Subpoenas and issuing a protective order related thereto.

## Background

Acadia is a family investment company that has invested in a highly-diversified portfolio of private equity and real estate pooled investment vehicles managed by other firms. At the time it filed bankruptcy (the "Petition Date"), Acadia's portfolio consisted of approximately 48 separate limited partnerships, limited liability companies, and business trusts, each of which is governed by a partnership agreement, membership agreement, or trust agreement. Prior to the Petition Date, Mr. Hershey was the Managing Member of Acadia. While Mr. Hershey was the Managing Member of Acadia, Acadia executed a security agreement that provided for the grant of a security interest in the Acadia's investment portfolio, in favor of Harris, N.A., (now known as BMO Harris Bank, N.A., "Harris"), as collateral for a $15.5 million credit line.

### A. PRIOR LITIGATION

#### a. The *Harris v. Acadia* and *Hershey* Litigation

Acadia defaulted on its credit line with Harris. Harris and Acadia then entered into an amendment to the loan agreement known as the Forbearance and Second Amendment, executed June 8-9, 2009, with an effective date of May 12, 2009. The forbearance period ended on August 6, 2009.

Subsequently, Harris filed a two-count lawsuit against the Acadia for breach of contract on the $15.5 million Note and against Mr. Hershey as guarantor in the United States District

Court for the Northern District of Illinois. A judgment was entered in Harris' favor on February 8, 2011 against Mr. Hershey and Acadia.

That judgment is currently stayed as to Acadia. Mr. Hershey appealed that decision to the Seventh Circuit. On February 15, 2013, during oral arguments in Mr. Hershey's appeal, the appellate panel directed Mr. Hershey to address why he should not be sanctioned for filing a frivolous appeal. That direction was followed by an order requiring Mr. Hershey to "file a response to the court's inquiry regarding why the court should not impose sanctions pursuant to Federal Rule of Appellate Procedure 38 for a frivolous appeal."[2] Mr. Hershey's appeal remains pending in the Seventh Circuit.

### b. Mr. Hershey's Motion to Extend Automatic Stay in Acadia's Bankruptcy Case

On April 30, 2012, after the Schnader firm withdrew from its representation of Mr. Hershey, Mr. Hershey filed a Motion to Extend Automatic Stay Pursuant to 11 U.S.C. § 105. This motion sought to extend the benefits of Acadia's automatic stay to Mr. Hershey, even though he was not a debtor in bankruptcy. This motion was Mr. Hershey's third attempt in the bankruptcy case to obtain such relief. The Debtor and Harris opposed each such effort. The first two times, Mr. Hershey withdrew the offending pleadings (or directed his counsel to do so). The third effort resulting in the award of Rule 11 sanctions by the Bankruptcy Court on the dual grounds that the motion was filed for an improper purpose and was frivolous. The Bankruptcy Court awarded $15,867 in fees.[3]

---

2      A copy of the Seventh Circuit's February 15, 2013 Order is attached hereto as **Exhibit A**.
3      A copy of the Bankruptcy Court's October 11, 2012 Order is attached hereto as **Exhibit B**.

4

### c. Mr. Hershey's Motion to Appoint a Chapter 11 Trustee in Acadia's Bankruptcy Case

Mr. Hershey engaged the services of Schnader Harrison Segal & Lewis LLP ("Schnader Harrison") to represent him in Acadia's bankruptcy case. On August 28, 2012, Mr. Hershey filed his Motion to Appoint a Chapter 11 Trustee in the Case of Acadia Investments L.C. Pursuant to 11 U.S.C. § 1104 (the "Chapter 11 Trustee Motion") in the Bankruptcy Court. Acadia filed an objection and a Motion for Sanctions in response to the Chapter 11 Trustee Motion. Commencing on November 15, 2012, and continuing on November 16, 20, and 29, 2012, the Bankruptcy Court conducted an evidentiary hearing on Mr. Hershey's Chapter 11 Trustee Motion and Acadia's Motion for Sanctions.

At the conclusion of the hearing, the Bankruptcy Court denied Mr. Hershey's Chapter 11 Trustee Motion. Further, on December 3, 2013, the Bankruptcy Court granted Acadia's Motion for Sanctions under Rule 11. Following Acadia's filing of unopposed fee statements, on January 16, 2013, the Bankruptcy Court entered a judgment against Mr. Hershey to various parties in the total amount of $108,069.82.[4]

### d. Acadia's Motions to Quash in its Bankruptcy Case

On September 10, 2012, Mr. Hershey served a subpoena on Bruce Henry ("Mr. Henry"), one of Acadia's co-managers, demanding Mr. Henry's presence at a deposition to be held on September 18, 2012. Mr. Hershey served this subpoena notwithstanding that, at the time of service, he was deposing Mr. Henry, and notwithstanding that he did not obtain leave of Court to depose Mr. Henry a second time. Thereafter, Acadia filed a motion to quash Mr. Hershey's second subpoena to Mr. Henry. On October 11, 2012, the Bankruptcy Court entered an order

---

[4] A copy of the Bankruptcy Court's January 16, 2013 Order is attached hereto as **Exhibit C**.

5

stating that Mr. Hershey was not entitled to depose Mr. Henry a second time, and ordering that the Clerk of Court was not to issue any subpoena for deposition testimony or document production at Mr. Hershey's request absent consultation of the parties or Order of Court.[5]

On September 11, 2012, Mr. Hershey subpoenaed Mr. Albert, one of Acadia's former attorneys, demanding Mr. Albert's presence at a deposition to be held on September 18, 212 and a hearing to be held on September 25, 2012.  Thereafter, Acadia filed a motion to quash Mr. Hershey's subpoena to Mr. Albert.  On September 27, 2012, the Bankruptcy Court entered an order granting Acadia's motion to quash with respect to Mr. Albert.

On October 31, 2012, Mr. Hershey issued subpoenas to Mr. Albert, Ms. Nesse, and others.  Thereafter, Acadia filed a motion to quash these subpoenas.  Ultimately, on November 27, 2012, the Bankruptcy Court entered an ordering granting Acadia's motion to quash the subpoenas served on Mr. Albert and Ms. Nesse.[6]  The basis for quashing these subpoenas was the fact that Mr. Albert and Ms. Nesse were the former attorneys to Acadia and Mr. Hershey sought to elicit testimony regarding their confidential communications with Acadia.

### B. THE SCHNADER LITIGATION

On August 20, 2012, Schnader Harrison filed a two-count complaint against Mr. Hershey, alleging that he failed to pay Schnader Harrison for legal services it provided to Mr. Hershey in conjunction with Acadia's bankruptcy case and related matters.  Thereafter, on October 26, 2012, Mr. Hershey filed his Answer and Counterclaims, asserting Virginia and

---

[5] A copy of the Bankruptcy Court's October 11, 2012 Order is attached hereto as **Exhibit D**.

[6] The Bankruptcy Court's November 27, 2012 Order, attached hereto as **Exhibit E**, denied Acadia's motion to quash a subpoena served by Mr. Hershey to Mr. Gordon, but required Mr. Hershey, within three days, to pay Mr. Gordon for certain travel costs incurred by Mr. Gordon. Mr. Gordon, in a declaration attached hereto as **Exhibit F**, filed with the Court on December 17, 2012, declared that had not received the required reimbursement for travel costs as provided under the Bankruptcy Court's November 27, 2012 Order.

District of Columbia state-law claims against Schnader Harrison for (i) breach of fiduciary duty; (ii) fraudulent inducement; (iii) tortious interference with contractual relations; (iv) intentional infliction of emotional distress; (v) civil conspiracy; and (vi) attempted civil conspiracy. On February 23, 2013, Schnader Harrison filed a motion for summary judgment, which is scheduled for argument on March 15, 2013. A bench trial is scheduled for March 25, 2013.

## Background of Subpoena

On March 5, 2013, Mr. Hershey filed an Application for Issuance of Subpoenas and Subpoenas Duces Tecum, seeking to require the attendance at Trial of twenty individuals, including himself, certain attorneys from Schnader Harrison, an Assistant United States Trustee, the Subpoenaed Parties and others. For both Mr. Albert and Ms. Nesse, Mr. Hershey states that the subject matter of testimony and the documents to be subpoenaed relate to: "Bankruptcy strategy in initiating Chapter 11 proceeding for Acadia from August 2010 to June 2011." Application at 2. For Mr. Reardon, Mr. Hershey states that the subject matter of testimony and the documents to be subpoenaed relate to: "Role as financial advisor to Acadia and discussions with Mr. Hershey from May to August 2011." *Id.* at 4. Finally, as for Mr. Gordon, Mr. Hershey states that the subject matter of testimony and the documents to be subpoenaed relate to: "Role as consultant to Acadia's financial adviser Asgaard Capital, LLC in conducting due diligence from August 2011 to January 2012." *Id.*

Also on March 5, 2013, the Court entered an Order ordering the Clerk to issue blank subpoenas to Mr. Hershey, but that "no person served with a subpoena or subpoena *duces tecum* . . . shall be required to appear at the trial in this case . . . without further order of this Court . . . ."

**Relief Requested**

Acadia seeks an order from this Court granting the Motion and (i) allowing Acadia to intervene for the purpose of protecting its attorney-client and financial confidences by seeking to quash the Subpoenas and seeking the issuance of a protective order related thereto; (ii) quashing the Subpoenas; and (iii) issuing a protective order preventing Mr. Hershey from requiring the Subpoenaed Parties to appear at and attend the upcoming Trial.

## I. ACADIA SHOULD BE PERMITTED TO INTERVENE TO PROTECT ITS ATTORNEY-CLIENT AND FINANCIAL CONFIDENCES

Rule 24 provides:

> On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a). It is well-settled that attorney-client and financial confidences are interests that a party may seek to protect through intervention. *See, e.g.*, *Nelson v. Greenspoon*, 103 F.R.D. 118, 121 (S.D.N.Y. 1984) ("This Court finds that the provisions of Rule 24(a)(2) do apply to this situation: to wit, the client claims an interest, an attorney-client privilege, in documents which are the subject of the action . . . ."); *Briggs & Stratton Corp. v. Concrete Sales & Servs., Inc.*, 166 F.R.D. 43, 46 (M.D. Ga. 1996) (holding that a party's "ability to protect its financial interest in this matter may be impaired by disposition of the action . . . is sufficient to warrant intervention of right").

In his Application, Mr. Hershey seeks to require Mr. Albert and Ms. Nesse to attend the Trial to testify regarding "advice in bankruptcy strategy," which strategy relates to attorney-client confidences. Further, Mr. Hershey seeks to require Messrs. Reardon and Gordon to attend the trial to testify regarding their role as employees of Asgaard – Acadia's financial advisor and

8

investment banker in its bankruptcy case – which testimony could reveal the contents of certain confidential financial analyses conducted by Asgaard for Acadia. Thus, Acadia has an "interest" that it seeks to protect as contemplated by Rule 24 in the form of legal advice and analyses of its investments and finances given from and prepared by Acadia's former attorneys and financial advisor/investment banker, respectively. Because Schnader Harrison lacks an incentive to protect such interests of Acadia, Acadia should be allowed to intervene as a matter of right. *See, e.g.*, *Berroyer v. United States*, 282 F.R.D. 299, 303 (E.D.N.Y. 2012) (granting a motion to intervene, explaining that the movant "may suffer prejudice if it is not permitted to intervene because neither party has an incentive to ensure that" its interest was protected); *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992) (granting a motion to intervene where the movant's "interest is not adequately protected by the present parties").

**II. BECAUSE ANY TESTIMONY OF THE SUBPOENAED PARTIES WOULD RELATE TO PRIVILEGED OR CONFIDENTIAL MATTERS, THIS COURT SHOULD QUASH THE SUBPOENAS AND ISSUE A PROTECTIVE ORDER RELATING THERETO**

Rule 45 provides, in pertinent part, that "[o]n a timely motion, the issuing court *must* quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter . . . ; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(c)(3) (emphasis added). With regard to Mr. Albert and Ms. Nesse, Mr. Hershey flatly admits that he is seeking testimony regarding "[b]ankruptcy strategy in initiating Chapter 11 proceeding for Acadia." Of course, communications regarding such strategy are plainly within the ambit of the attorney-client privilege. *See, e.g.*, *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 143 F.R.D. 611, 620 (E.D.N.C. 1992) (holding as privilege communications relating to "formulating a legal strategy"). Further, Mr. Hershey has not met the high burden required to compel testimony from an attorney with respect to the representation of his or her client. *See Nationwide Mut. Ins. Co.*

9

*v. Home Ins. Co.*, 276 F.3d 621, 628 (6th Cir. 2002) (holding that, to depose counsel, movant must show: 1) "no other means exists to obtain the information; 2) the information sought is nonprivileged and relevant; [and] 3) the information is crucial to the preparation of the case").[7] Recognizing the privileged nature of Mr. Hershey's examination of Mr. Albert and Ms. Nesse, as detailed above, the Bankruptcy Court twice quashed subpoenas to Mr. Albert, and once quashed a subpoena to Ms. Nesse. The same result is required here. Accordingly, the subpoenas relating to Mr. Albert and Ms. Nesse to attend the Trial must be quashed under Rule 45(c)(3)(A), and Acadia is entitled to a protective order preventing Mr. Hershey from requiring the attendance at Trial of either Mr. Albert or Ms. Nesse.

As for Mr. Reardon and Mr. Gordon, they serve as the Senior Managing Director and former Managing Director, respectively, of Acadia's financial advisor and investment banker, Asgaard. Asgaard was retained in Acadia's bankruptcy case to evaluate generally Acadia's investments and devise and implement strategies to maximize the value of such investments. Notwithstanding its status as a debtor in bankruptcy, any testimony of Mr. Reardon and Mr. Gordon regarding the services Asgaard provided or provides to Acadia would reveal confidential and proprietary investment and financial information. *See, e.g.*, *Sunshine Shredding, LLC v. Proshred Franchising Corp.*, No. 11-22432, 2011 WL 4591935, *2 (S.D. Fla. Sept. 30, 2011) (noting, in the context of a motion to quash, that "[f]inancial documents are generally considered confidential because they implicate a party's privacy interests"); *Ceramic Corp. of Am. v. Inka Maritime Corp., Inc.*, 163 F.R.D. 584, 588 (C.D. Cal. 1995) (noting that "financial matters" are

---

[7] Further, requiring Mr. Albert to attend the Trial will cause him an undue burden, as he will be out of the country from March 20, 2013 to April 2, 2013. *See* Declaration of Marc E. Albert, attached hereto as **Exhibit G**, ¶ 5. Mr. Albert's trip has been scheduled for approximately six months, and the airline tickets for the trip have already been paid for. *See id.*

10

an area "generally considered to be private or confidential"). Thus, the subpoenas relating to Mr. Reardon and Mr. Gordon to attend and testify at Trial must be quashed as they will require the disclosure of a "protected matter" within the contemplation of Rule 45(c)(3), and Acadia is entitled to a protective order preventing Mr. Hershey from requiring the attendance and testimony at Trial of either Mr. Reardon or Mr. Gordon.

WHEREFORE, Acadia respectfully requests that the Court issue an order: (i) permitting Acadia to intervene in the above-captioned case for the purpose of quashing the Subpoenas and seeking a protective order relating thereto; (ii) quashing the Subpoenas; (iii) issuing a protective order preventing Mr. Hershey from requiring any of the Subpoenaed Parties from attending the Trial; and (iv) granting such other and further relief as is just and proper.

Dated: March 12, 2013                WHITEFORD, TAYLOR & PRESTON L.L.P.

By: /s/ *Bradford F. Englander*
Bradford F. Englander, VSB# 36221
Christopher A. Jones, VSB # 40064
Justin P. Fasano, VSB # 75983
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-3385 (tel)
(703) 259-6534 (fax)

*Counsel for Acadia Investments, L.C.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March 2013, a copy of the foregoing was served by CM/ECF on all parties requesting such notice, and by first-class mail, postage prepaid and e-mail, as indicated, to:

>Loren W. Hershey
>2451 Fairhunt Court
>Oakton, VA 22124
>
>Loren W. Hershey, Esq.
>Loren W. Hershey, Attorney at Law, P.C.
>1725 I Street, N.W., Suite 300
>Washington, D.C. 20006
>lwhesq@aol.com
>
>Levi Earl Jones
>Schnader Harrison Segal & Lewis LLP
>750 Ninth Street NW
>Suite 550
>Washington, DC 20001-4534

>/s/ *Bradford F. Englander*
>Bradford F. Englander

*2040632*